Mr. Bill Hardin State Drug Director #1 State Police Plaza Drive Little Rock, Arkansas 72209
Dear Mr. Hardin:
This is in response to your request for an opinion on the implementation of Act 1120 of 1999, codified in pertinent part at A.C.A. § 5-64-505
(Supp. 1999). The act governs the forfeiture of property under the "Uniform Controlled Substances Act." Your questions arise out of practices employed in the Fourth Judicial District and you relate those practices as follows:
 The prosecuting attorney contends fees should be deducted before the tabulation of forfeited money is made towards the $20,000 per county reporting cap. The problem is in the prosecutor's definition of fees. The 4th Judicial District hires a private attorney to prosecute drug forfeiture cases. These attorneys' fees come off the top of the forfeiture. The prosecutor then takes 10% for his office. From that point, monies are distributed to the different participating agencies. Therefore, all monies are distributed before it is counted towards the $20,000 cap. The prosecutor deposits the 10% into a drug control fund. It is the prosecutor's belief, as long as he keeps the drug control fund money spent so the total never reaches $20,000, he does not have to send any money to the Crime Lab Equipment Fund.
You state that it is your belief that the intent of Act 1120 was to discourage this sort of practice and you ask whether it is legal for a prosecutor to circumvent the system in the manner described.
RESPONSE
It is my opinion that the answer to your question is "no," it is not legal to circumvent the system in this manner.
The relevant statute, A.C.A. § 5-64-505 (Supp. 1999) provides in pertinent part as follows:
 (i) DISPOSITION OF MONEYS RECEIVED. Subject to the provisions of subdivision (f)(5), the proceeds of sales conducted pursuant to subdivision (h)(1)(B) and all moneys forfeited or obtained by judgment or settlement pursuant to this chapter shall be deposited and distributed in the manner set forth in this subsection. Moneys received from federal forfeitures shall be deposited and distributed pursuant to subdivision (i)(4) of this section.
(1) ASSET FORFEITURE FUND.
 (A) The proceeds of any sale and any moneys forfeited or obtained by judgment or settlement under this chapter shall be deposited in the asset forfeiture fund of the prosecuting attorney and shall be subject to the following provisions:
 (i) If, during a calendar year, the aggregate amount of moneys deposited in the asset forfeiture fund exceeds twenty thousand dollars ($20,000) per county, the prosecuting attorney shall, within fourteen (14) days of that time, notify the circuit judges in the judicial district and the Arkansas Drug Director;
 (ii) Subsequent to the notification set forth in subdivision (i)(1)(A)(i), twenty percent (20%) of the proceeds of any additional sale and any additional moneys forfeited or obtained by judgment or settlement under this chapter in the same calendar year shall be deposited into the State Treasury as special revenues to be credited to the Crime Lab Equipment Fund and the remainder shall be deposited in the asset forfeiture fund of the prosecuting attorney;
 (iii) Failure by the prosecuting attorney to comply with the notification requirement set forth in subdivision (i)(1)(A)(i) shall render the prosecuting attorney and any entity eligible to receive forfeited moneys or property from the prosecuting attorney ineligible to receive such moneys or property, except as provided in subdivision (f)(5)(A);
 (iv) Twenty percent (20%) of any moneys in excess of twenty thousand dollars ($20,000) that have been retained but not reported as required by subdivision (i)(1)(A)(i) shall be subject to recovery for deposit into the Crime Lab Equipment Fund.
 (B) The prosecuting attorney shall administer expenditures from the fund which shall be subject to audit by the Division of Legislative Audit. Moneys distributed from this fund must only be used for law enforcement and prosecutorial purposes. Moneys in the fund must be distributed in the following order:
(i) For satisfaction of any bona fide security interest or lien;
 (ii) For payment of all proper expenses of the proceedings for forfeiture and sale, including expenses of seizure, maintenance of custody, advertising, and court costs;
 (iii) Any balance under two hundred fifty thousand dollars ($250,000) shall be distributed proportionally so as to reflect generally the contribution of the appropriate local or state law enforcement or prosecutorial agency's participation in any of the activities that led to the seizure or forfeiture of the property or deposit of moneys under this chapter; and
 (iv) Any balance over two hundred fifty thousand dollars ($250,000) shall be forwarded to the Arkansas Drug Director to be transferred to the State Treasury for deposit in the Special State Assets Forfeiture Fund for distribution as provided in subdivision (i)(3) of this section.
The statute above is clear, in my opinion, that moneys obtained by forfeiture under A.C.A. § 5-64-505 must be initially deposited in the "Asset Forfeiture Fund" maintained by the prosecuting attorney.[1]
These deposited amounts count toward the $20,000 figure set out in (i)(1)(A)(i). Once the funds have been deposited in the "Asset Forfeiture Fund," subsection (i)(1)(B) governs their distribution. It therefore states that "[m]oneys in the fund must be distributed in the following order . . . (ii) [f]or payment of all proper expenses of the proceedings. . . ." (Emphasis added.) It is clear from the statute, therefore, that it is not proper to deduct the expenses prior to tabulating the $20,000 benchmark after which a portion of the funds are deposited into the Crime Lab Equipment Fund. The forfeited funds are deposited into the "Asset Forfeiture Fund" and expenses are thereafter deducted (along with funds needed to satisfy any bona fide security interest or lien) prior to distribution to the appropriate law enforcement agencies and/or the state. See A.C.A. § 5-64-505
(i)(1)(B)(iii) and (iv).[2]
It is therefore my opinion that the answer to your question is "no," it is not legal to deduct the expenses prior to tabulation of the $20,000 reporting cap.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] A possible exception is made for a portion of funds received after the $20,000 cap has been met. The statute provides in that regard for twenty percent of the proceeds of any additional sale and moneys forfeited to be deposited in the State Treasury and credited to the Crime Lab Equipment Fund, and the remaining eighty percent to be deposited into the "Asset Forfeiture Fund."
[2] There is nothing in Op. Att'y Gen. 99-366 to the contrary. I stated in that Opinion that: "[c]ertain claims and expenses come `off the top' of the forfeited amount, prior to the distribution as between the State Treasury and the local fund." Id. at 2. That entire opinion, however, involved a forfeiture in excess of $250,000 and I stated that the deduction of expenses by the prosecuting attorney was proper prior to paying a portion of the funds into the State Treasury for deposit into the "Special State Assets Forfeiture Fund." This is exactly what is contemplated in A.C.A. § 5-64-505 (i)(1)(B). The same action (the deduction of expenses), however, is not contemplated prior to deposit into the prosecuting attorney's "Asset Forfeiture Fund." The deduction of expenses comes after deposit into that fund, but prior to the distribution to the contributing law enforcement agencies. See A.C.A. §5-64-505(i)(1)(B)(ii); (iii) and (iv).